IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MALIBU MEDIA, LLC** | : CIVIL ACTION |
| | : |
| v. | : NO. 17-5489 |
| | : |
| **JOHN DOE SUBSCRIBER ASSIGNED TO IP ADDRESS 68.80.205.163** | : |

### ORDER

**AND NOW**, this 8th day of December 2017, upon considering Plaintiff's Motion for leave (ECF Doc. No. 3) to serve a Third Party Subpoena upon Comcast Cable before a Fed. R. Civ. P. Rule 26(f) Conference in this copyright infringement case against presently unknown persons with known IP addresses, it is **ORDERED**:

1. Plaintiff established "good "cause" exists to serve a third party subpoena on Comcast Cable. *See UMG Recording, Inc. v. Doe,* No. 08-1193, 2008 WL 4104214, *4 (N.D. Cal. 2008); *Arista Records LLC v. Does 1-19,* 551 F. Supp. 2d 1, 6-7 (D.D.C. 2008).

2. On or before **December 18, 2017**, Plaintiff may serve Comcast Cable with a Rule 45 subpoena requiring Comcast Cable to provide Plaintiff with data evidencing or identifying the last known name, address, telephone number, and e-mail address of the person to whom Comcast Cable assigned an IP address at issue in the Complaint. Plaintiff shall attach a copy of this Order to the subpoena upon Comcast Cable.

3. Without further leave of Court, Plaintiff may not serve a Rule 45 subpoena on other service providers identified by Comcast Cable in response to the subpoena.

4. If Comcast Cable qualifies as a "cable operator" under 47 U.S.C. § 522(5), it shall

comply with 47 U.S.C. § 551(c)(2)(b) by sending a copy of this Order to the person identified with the IP address at issue in the Complaint.

5. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on Comcast Cable for the purpose of its Complaint to serve the appropriate parties.

6. Plaintiff may amend its Complaint to add Defendants no later than **January 19, 2018**.

KEARNEY, J.