UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>                    Plaintiff,<br>v.<br><br>JOHN DOE subscriber assigned IP<br>Address 68.80.205.163,<br><br>                    Defendant. | Civil Case No. 2:17-cv-05489-MAK |

**PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE TO THE COURT'S ORDER OF JANUARY 29, 2018 (DKT. #7) TO SHOW CAUSE WHY PLAINTIFF'S COMPLAINT SHOULD NOT BE DISMISSED FOR LACK OF PROSECUTION**

Plaintiff, Malibu Media, LLC, by undersigned counsel, hereby responds to this Court's Order to Show Cause ("Order") entered on January 30, 2018, (Dkt. #7), and respectfully states:

**I. PROCEDURAL HISTORY**

Plaintiff filed the complaint in above action on December 8, 2017, Dkt. #1, and submitted a Motion for Leave to Serve a Third Party Subpoena Prior to Rule 26(F) Conference (Dkt. #3) on Defendant's internet service provider ("ISP") so that the Complaint amended to name Defendant with specificity. With leave of this Court, Dkt. #5, Plaintiff served Defendant's ISP on December 11, 2017 and filed a Notice of Service of the Subpoena with this Court. (Dkt. #6)

Subsequent to the service of the subpoena on Defendant's ISP, Plaintiff was contacted by the attorney who represents Defendant. *See* Declaration of A. Jordan Rushie attached hereto as Exhibit "A", at ¶2. Settlement discussions began and it and it appeared settlement was imminent. *Id*. at ¶3. Defendant's identity was not disclosed during the ongoing settlement negotiations. *Id*. at ¶4. Focusing on efficient resolution of the matter, Plaintiff's counsel inadvertently overlooked the January 18, 2018 deadline to file the Amended Complaint; and, therefore also overlooked

1

requesting a reasonable extension of that deadline. *Id.* at ¶5. Plaintiff's counsel did not even receive the response from Defendant's ISP with the information needed to amend until the ISP's letter dated January 23, 2018, **after** the deadline set by this Court to amend the complaint. *See* Exhibit "B" hereto, the ISP letter.

## II. ARGUMENT

Plaintiff requests that this action not be dismissed for failure to timely file and Amended Complaint, as Plaintiff's counsel's oversight constitutes mistake and excusable neglect under Federal Rule of Civil Procedure 60(b)(1) (allowing for relief from a final judgment, order, or proceeding for "mistake, inadvertence, surprise, or excusable neglect."), and through analysis of applicable Third Circuit precedent. It was only through oversight, not any intention to delay, that the deadline lapsed. *See* Declaration of A. Jordan Rushie at ¶6. With the benefit of hindsight, Plaintiff's counsel should have paid more careful attention to this Court's Order to make sure no deadlines were overlooked. *Id.* at ¶7. Plaintiff's counsel intended to keep the case moving forward to an efficient resolution whether through settlement or trial. *Id.* at ¶8. It was not counsel's intent to disobey the order of the court or delay the instant proceedings in any way. *Id.* at ¶9.

Plaintiff's counsel apologizes to the Court for the missed deadline. Plaintiff's counsel has now received the ISP response and is now prepared to specifically identify the John Doe Defendant, and file an Amended Complaint. *Id.* at ¶10. As the Third Circuit has held on multiple occasions, dismissal for failure to prosecute "must be a sanction of last, not first resort. *Knoll v. City of Allentown,* 707 F.3d 406, 411 (3rd Cir. 2013). It has also stated on numerous occasions, that dismissals with prejudice or defaults are drastic sanctions, termed "extreme" by the Supreme Court. *Poulis v. State Farm Fire and Casualty Company,* 747 F.2d 863, 867-868

(3rd Cir. 1984); *citing, National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639 (1976).

It was Plaintiff's counsel's responsibility to follow the Orders of this court so the failure to file the Amended Complaint by the January 19, 2018 deadline falls directly on him and not his client.  *See* Declaration of A. Jordan Rushie at ¶9.  The refusal to comply with the instant Order in a timely manner was not willful or in bad faith.  *See* Declaration of A. Jordan Rushie at ¶¶5-10.

Defendant has suffered no prejudice as a result of the short passage of time that will have occurred if the Court grants leave for Plaintiff to File the Amended Complaint at this time. Plaintiff's counsel is prepared to file and serve the Amended Complaint without delay.[1]  On the other hand, Plaintiff would be greatly prejudiced if the action is dismissed due to Plaintiff's counsel's oversight. Further, there is no record of any previous dilatoriness on the part of Plaintiff or Plaintiff's counsel in this matter.

**III.  CONCLUSION**

Wherefore, for the good cause set forth above, Plaintiff, Malibu Media, LLC, respectfully requests that the Court excuse Plaintiff's counsel's neglect and oversight, and, accordingly, instead of dismissing the above-captioned action, permit five (5) days for Plaintiff to file the Amended Complaint, and forty-five (45) days thereafter for Plaintiff to serve the Summons and Amended Complaint on Defendant so that this action may proceed on the merits.  A proposed Order is attached as Exhibit "C," for the Court's convenience.

Dated: February 2, 2018

---

[1] In preparing this response to the Court's Order to Show Cause there was a miscommunication between Plaintiff's counsel and his staff that resulted in incomplete, and draft, Amended Complaint being filed at Dkt. #8.  Plaintiff's counsel respectfully requests that draft Amended Complaint be stricken from the docket, so that a correct and complete Amended Complaint may be filed upon leave from this Court following review of this response.

Respectfully submitted,

Rushie Law, PLLC

/s/ *A. Jordan Rushie*
A. Jordan Rushie, Esq.
Rushie Law PLLC
1010 N. Hancock Street
Philadelphia, PA 19123
P. 215-268-3978
F. 215.505-0909
jrushie@rushielaw.com
PA Attorney Id: 209066
*Attorneys for Plaintiff*